UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

DANIEL E. SMITH,

    Plaintiff,

        v.                                                  CAUSE NO. 3:20-CV-468-JD-MGG

WARDEN,

    Defendant.

OPINION AND ORDER

Daniel E. Smith, a prisoner without a lawyer, filed this lawsuit alleging that he has been subjected to unsanitary conditions while housed at Indiana State Prison ("ISP"). Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In his complaint, Smith alleges that in early April 2020, he was transferred to a cell in the "D" cellhouse. When he arrived, the walls and toilet were covered with filth, mold, and an unknown yellow substance. The cell smelled of feces and urine. As he described it, "It was like I had moved into a sewer." He has repeatedly asked for cleaning supplies, trash bags, a broom, mop, rags, and gloves, but has only been given a

small amount of a "watered down chemical," which is not adequate to address the dirty conditions. He has attempted to clean the cell with toilet paper and a bar of body soap, but with little success. He further alleges that his cell is infested with cockroaches, mice, and birds, and that on more than one occasion he has been awakened by "mice and roaches crawling on [his] face and body." He is concerned about the effect these conditions are having on his health.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Here, giving Smith the favorable inferences to which he is entitled at this stage, he has stated a plausible claim that he has been denied the minimal civilized measure of life's necessities since being transferred to the D cellhouse in early April 2020. However,

the only defendant he names in the complaint is the warden of ISP, Ron Neal. There is no indication from the complaint that the warden was personally involved in these events or that he was personally aware of the conditions in Smith's cell. Smith therefore cannot proceed against the warden in his individual capacity for monetary damages. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Nevertheless, he may proceed against the warden in his official capacity for injunctive relief related to the ongoing unsanitary conditions in his cell. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his official capacity for injunctive relief to provide the plaintiff with sanitary living conditions as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to send a Waiver of Service request to (and if necessary, the United States Marshals Service to serve process on) Warden Ron Neal, along with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Ron Neal respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 18, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT